UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEROME MCDOUGALD,               Case No. 1:17-cv-095
       Plaintiff,

                                Dlott, J.
       vs.                       Bowman, M.J.

                                **ORDER AND REPORT**
RON ERDOS, et al.,             **AND RECOMMENDATION**
       Defendants.

Plaintiff, a prisoner at the Lebanon Correctional Institution, has filed a pro se civil rights complaint against defendants Warden Ron Erdos, Deputy Warden William Cool, Lt. Brad Dyer, C/O Ryan Andre, and John Doe Nurse. (Doc. 1-1, Complaint at PageID 6). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis*.

Plaintiff has filed a motion to amend his complaint to include additional allegations against defendants Erdos and Cool (Doc. 3), which is hereby **GRANTED**.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, as amended, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that on December 27, 2016, defendants Andre and Dyer approached his cell and sprayed him with mace for no reason. (Doc. 1-1, Complaint at PageID 7). He claims the cell door was shut and he was left to suffocate from the fumes and the mitigating effects of the spray which he claims was on his face, body, and clothing. According to plaintiff, Dyer returned to the cell fifteen minutes later. Plaintiff claims that he requested medical assistance from Dyer, to which Dyer responded "die bitch." (*Id.*). Plaintiff further alleges that he was refused medical treatment from John Doe Nurse.

Plaintiff claims that defendants Warden Erdos and Deputy Warden Cool learned of the above incident through a use of force report but were deliberately indifferent to his safety "by condoning the unconstitutional acts of [their] insubordinates by signing [their] name to the use of force report concurring that no policy was violated." (*Id.* at PageID 8).

In the amended complaint, plaintiff seeks to add additional alleged instances of failure to protect and deliberate indifference against defendants Erdos and Cool. Plaintiff claims on May 2, 2016, he was sprayed in the face with pepper spray by Lt. Eaches, who plaintiff claims stated

3

"this is for filing a lawsuit against my co-workers." (Doc. 3 at PageID 21). Plaintiff claims Erdos and Cool learned of the excessive force by virtue of reviewing the resulting use of force reports, but took no further action. Plaintiff also claims that Erdos and Cool also took no corrective action following a December 15, 2016 incident where he was sprayed by Sgt. Bear.[1] (*Id.* at PageID 22).

Based on the above facts, plaintiff claims that all defendants violated his Eighth Amendment rights. For relief, plaintiff seeks monetary damages and transfer to another institution.

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment claims against defendants Dyer, Andre, and John Doe Nurse, based on his allegation that Dyer used excessive force against him and these defendants were deliberately indifferent to his medical needs. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

The remainder of the complaint should be dismissed. First, plaintiff's claims against defendants in their official capacities must be dismissed to the extent that he seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named

---

[1] Plaintiff is a frequent filer in this Court. Since February 16, 2016, plaintiff has filed eleven lawsuits in the Southern District of Ohio. Plaintiff does not name Lt. Eaches and Sgt. Bear as defendants to this action. It appears that the allegations against these individuals in the amended complaint have already been raised in *McDougald v. Eaches*, No. 1:16-cv-900 (S.D. Ohio Sept. 6, 2016) (Dlott, J.; Litkovitz, M.J.) and *McDougald v. Bear*, No. 1:17-cv-124 (S.D. Ohio Feb. 21, 2017) (Barrett, J.; Litkovitz, M.J.).

party, but where the action is essentially one for the recovery of money from the state.  *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945).  A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents.  *Monell*, 436 U.S. at 690.  Thus, actions against state officials in their official capacities are included in this bar.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974).  *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).  Therefore, all of the named defendants are immune from suit in their official capacities.

The complaint should also be dismissed as to defendants Erdos and Cool in their individual capacities.  Plaintiff seeks to hold these defendants liable for the conduct of their subordinates or for failure to take corrective action.  To the extent that plaintiff names Erdos or Cool as defendants because of their supervisory position in the prison, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability.  *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).  "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees."  *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).  Furthermore, section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act.  *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  The mere fact defendants are wardens at SOCF and failed to take

corrective action in response to the use of force reports is not enough to impose liability on these defendants under section 1983.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment excessive force claims against defendants Dyer, Andre, and John Doe Nurse, based on his allegation that Dyer used excessive force against him and these defendants were deliberately indifferent to his medical needs.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Having found that plaintiff's remaining claims fail to state a claim upon which relief may be granted, these claims should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against defendants Erdos and Cool, and all defendants in their official capacities be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### IT IS THEREFORE ORDERED THAT:

1.  Plaintiff's motion to amend (Doc. 3) is **GRANTED.**

2.  The United States Marshal shall serve a copy of the complaint, amended complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Dyer and Andre, as directed by plaintiff, with costs of service to be advanced by the United States.

With respect to the John Doe Nurse defendant, plaintiff must file a motion to issue service setting forth the identity of the unidentified defendant.  Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendants through discovery.  Plaintiff is

6

advised that no service will be issued on the unnamed defendant unless plaintiff complies with this Order.

2.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

                                     *s/ Stephanie K. Bowman*
                                       Stephanie K. Bowman
                                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEROME MCDOUGALD,                              Case No. 1:17-cv-095
      Plaintiff,

                                 Dlott, J.
      vs.                                            Bowman, M.J.


RON ERDOS, et al.,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).