UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,           Case No. 1:17-cv-95
    Plaintiff,

                               Dlott, J.
vs                                Bowman, M.J.

WARDEN ERDOS, et al.,
    Defendants.

**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's pro se motion to issue service and motion to amend. Upon careful review, the undersigned finds that Plaintiff's motions are not well-taken.

**I. Background and Facts**

Plaintiff ("McDougald"), Inmate Number A548-527, brings this case alleging various violations of his 1st and 8th Amendment rights under the U.S. Constitution, relating to a pepper spray ("use of force") incident occurring during his incarceration at Ohio's Southern Ohio Correctional Institution ("SOCF"), a maximum security prison located at Lucasville, Ohio.

McDougald contends he was the subject of excessive force (pepper spray) and was denied medical attention by corrections officials following a pepper spray incident on December 27, 2016 while at SOCF. (Doc. 5, Complaint, PageID 30-31). In his amended complaint, McDougald named defendants Warden Ron Erdos, Deputy Warden William Cool, Lt. Brad Dyer, C/O Ryan Andre, and John Doe Nurse. (Doc. 5). Following the Court's screening process (whether the complaint, as amended, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim

upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b)) -- McDougald's claims brought against Defendants in their 'official capacity' were dismissed. (Doc. 6, Order and Report and Recommendation; Doc. 16, Order). McDougald's claims against Warden Erdos and Deputy Warden Cool were also dismissed under the theory of respondeat superior. (Doc. 6, Order and Report and Recommendation; Doc. 16, Order).

Now before the Court is Plaintiff's motion to issue service, summons and complaint on Nurse Malt who was identified in the complaint as John Doe Nurse (Doc. 19). Also before the Court is Plaintiff's motion to amend / correct the complaint.

**II. Plaintiff's motions (Docs. 19, 31) are not well-taken**

"Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc.,* 2009 WL 3154241 (6th Cir.2009); *see Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir.2000). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso,* 233 F.3d at 421.

However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), provides that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962);

2

*Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir.2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817 (6th Cir.2005). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570).

Here, permitting Plaintiff to amend his complaint to name Nurse Malt in place of the John Doe would be futile, cause undue delay and prejudice the Defendants. Plaintiff does not have any viable federal claims against Nurse Malt. The discovery deadline passed on November 11, 2017 and there is a pending motion for summary judgment. Furthermore, plaintiff's claims against Nurse Malt should also dismissed on the alternative ground that plaintiff failed to identify her by her real name and effect service of process upon her within 120 days from the filing of the original complaint as required by Fed.R.Civ.P. 4(m).

Plaintiff also seeks to amend his complaint and /or summary judgment to correct a clerical error. Specifically, Plaintiff seeks to change the amount of time it took for Defendant Dyer to arrive at Plaintiff's cell from 15 minutes to 50 minutes. Plaintiff states he became aware of this mistake after receiving Defendants discovery responses. In the interest of judicial economy, the undersigned finds that Plaintiff's proposed amendments are unnecessary. Plaintiff may submit such evidence in response to Defendant's motion for summary judgment and/or in support of his motion for summary judgment.

**III. Conclusion**

For these reasons, it is therefore **RECOMMENDED** that Plaintiff's motions (Docs. 19, 31) should be be **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,            Case No. 1:17-cv-95
    Plaintiff,

                            Dlott, J.
vs                                 Bowman, M.J.

WARDEN ERDOS, et al.,
    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).