# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD,<br>    Plaintiff, | Case No. 1:17-cv-95 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN RON ERDOS, et. al.,<br>    Defendants. | **REPORT AND RECOMMENDATION** |

Plaintiff Jerone McDougald, an inmate at the Southern Ohio Correctional Facility and frequent filer in this Court,[1] has filed a prisoner civil rights action under 42 U.S.C. § 1983. On September 11, 2018, the Court entered a final Order and Judgment granting defendants' motion for summary judgment. (Docs. 43, 44). Thereafter, on September 25, 2018, October 19, 2018, and October 25, 2018, plaintiff/appellant filed a notice of appeal and motions for leave to proceed *in forma pauperis*. (Docs. 45, 47, 48). The undersigned issued a Deficiency Order on November 1, 2018, ordering plaintiff/appellant to provide the Court with a completed application and affidavit to proceed without prepayment of fees form and a certified copy of his prisoner trust fund account. (Doc. 49). It appears that plaintiff/appellant has complied with the Court's Order. (*See* Docs. 50, 52, 53). Petitioner filed a motion for leave to appeal *in forma pauperis*

---

[1] As of this date, plaintiff has filed twenty-two cases in the Southern District of Ohio. *See McDougald v. Erdos*, 1:19-cv-107 (TSB: SKB) (S.D. Ohio Feb. 11, 2019); *McDougald v. Eddy,* 2:19-cv-257 (TSB; SKB) (S.D. Ohio Jan. 25, 2019); *McDougald v. Smoot*, 1:19-cv-50 (SJD; KLL) (S.D. Ohio Jan. 22, 2019); *McDougald v. Bear,* 1:18-cv-498 (TSB; KLL) (S.D. Ohio July 23, 2018); *McDougald v. Erdos*, 1:18-cv-135 (MRB; SKB) (S.D. Ohio Feb. 23, 2018); *McDougald v. Clagg*, 1:18-cv-93 (TSB; SKB) (S.D. Ohio Feb. 9, 2018); *McDougald v. Eaches*, 1:18-cv-80 (MRB; SKB) (S.D. Ohio Feb. 5, 2018); *McDougald v. Erdos*, 1:17-cv-464 (MRB; SKB) (S.D. Ohio July 10, 2017); *McDougald v. Dillow*, 1:17-cv-196 (MRB; KLL) (S.D. Ohio Mar. 27, 2017); *McDougald v. Dunlap*, 1:17-cv-127 (MRB; SKB) (S.D. Ohio Feb. 24, 2017); *McDougald v. Bear*, 1:17-cv-124 (MRB; SKB) (S.D. Ohio Feb. 21, 2017); *McDougald v. Erdos*, 1:17-cv-95 (SJD; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Sammons*, 1:17-cv-91 (MRB; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Lt. Stone*, 1:17-cv-72 (SJD; SKB) (S.D. Ohio Feb. 1, 2017); *McDougald v. Dillow*, 1:16-cv-1099 (MRB; SKB) (S.D. Ohio Nov. 23, 2016); *McDougald v. Eaches*, 1:16-cv-900 (SJD; KLL) (S.D. Ohio Sept. 6, 2016); *McDougald v. Davis*, 1:16-cv-633 (SJD) (June 10, 2016); *McDougald v. Davis*, 2:16-cv-545 (GCS; KAJ) (S.D. Ohio June 10, 2016); *McDougald v. Ahmad,* 1:16-cv-500 (SJD; SKB) (S.D. Ohio Apr. 28, 2016); *McDougald v. Esham*, 1:16-cv-497 (SJD; KLL) (S.D. Ohio Apr. 27, 2016); *McDougald v. Mahlman*, 1:16-cv-317 (TSB; SKB) (S.D. Ohio Feb. 16, 2016); *McDougald v. Timberlake*, 1:08-cv-744 (MRB; JGW) (S.D. Ohio Oct. 29, 2008).

and a motion to amend his appeal (Docs. 52, 53), both of which are opposed by defendants/appellees. (Docs. 51, 54).

## I. OPINION

Plaintiff/appellant is prohibited from obtaining pauper status for the purpose of appealing the judgment in this civil action. *See* 28 U.S.C. § 1915(g). As the undersigned has previously noted:

> Mr. McDougald is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice for failure to state a claim upon which relief may be granted. *See McDougald v. Sammons*, Case No. 1:17-cv-91 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Feb 10, 2017) (Doc. 7, 10, 11) (dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)); *McDougald v. Stone*, Case No. 1:17-cv-72 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Feb. 1, 2017) (Doc. 5, 17, 20, 26, 27) (dismissal for failure to state a claim upon which relief may be granted); *McDougald v. Ahmad*, Case No. 1:16-cv-500 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Apr. 28, 2016) (Doc. 27, 34, 35) (dismissal for judgment on the pleadings for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)). The previous three dismissals for failure to state a claim upon which relief may be granted prevent Mr. McDougald from obtaining pauper status in the instant action.

*McDougald v. Salyers*, Case No. 1:18-cv-523 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Aug. 2, 2018) (Doc. 2).

Accordingly, plaintiff/appellant may not appeal *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315. *See also Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (finding that the prisoner appellant was not entitled to pauper status on appeal where he failed to establish that he faced imminent danger of

serious physical injury at the time the appeal was filed).

Plaintiff/appellant claims he is in imminent danger based on alleged death threats and allegations of insufficient medical treatment. In their entirety plaintiff makes the following claims in support of his claim that he is under imminent danger of serious physical injury:

> Plaintiff has been threatened with death by Lt. Dyer due to plaintiff filing this lawsuit several times including up to the filing of his appeal in the action along with being the subject of excessive force denial of medical treatment and being subject to cold air from the intentional opening of the windows outside my cell.

(Doc. 53 at PageID 305).

Plaintiff/appellant's allegations are insufficient to meet the imminent danger exception. The undersigned notes that plaintiff/appellant currently has at least seven cases pending in which he claims that he is in imminent danger based on death threats by other defendants and/or generalized lack of medical care claims. *See Case Nos.* 16-317 (Doc. 120: "I am constantly being subject to death threats and being denied medical."), 16-1099 (Doc. 69 at PageID 491) ("I have been the subject of death threats by defendants Bauer, Osborne, Rogers, Dillows"), 17-95 (Doc. 53 at PageID 305) ("plaintiff has been threatened with death by Lt. Kyer . . . along with being the subject of excessive force denial of medical treatment and being subject to cold air from the intentional opening of the windows outside my cell"), 17-464 (Doc. 41 at PageID 218) ("I have been threatened with death by Defendant Williams and her co-workers . . . and been subject to retaliation and excessive force and the denial of medical treatment."), 18-498 (claiming to be "the subject of death threats daily with the most recent death threats occurring on January 3, 2018 by c/o Lafferty and c/o Late."), 19-50 (Doc. 1 at PageID 9–10) (claiming imminent danger based on death threats from Brian Barney and based on the denial of medical treatment), and 19-107 (Doc. 1 at PageID 12) (claiming imminent danger based on the denial of

3

medical treatment related to OC spray).[2]

The undersigned finds plaintiff/appellant's self-serving and conclusory allegations that the defendants to virtually all of his pending lawsuits have threatened him with death incredible and otherwise insufficient for the Court to reasonably infer that petitioner is under imminent danger. *See Vandiver v. Prison Health Servs., Inc.,* 727 F.3d 580, 585 (6th Cir. 2013) ("district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible).") (quoting *Rittner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008)). Unsupported, vague, and conclusory allegations of verbal threats are insufficient to satisfy the imminent danger exception. *See White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (denying imminent danger exception because the plaintiff's pleading was "largely a collection of vague and utterly conclusory assertions"); *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) (finding that a plaintiff's allegations of continuous threats to his life, amongst others, to be "unsupported, vague, self-serving, conclusory speculation" insufficient to satisfy the imminent danger exception).

Plaintiff's remaining conclusory allegations regarding medical treatment, excessive force, and being subject to cold air are also insufficient. Because plaintiff/appellant has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he filed his notice-of-appeal, he does not qualify for the exception to the "three

---

[2] *See also* Case No. 2:19-cv-257 (alleging that he is in imminent danger as a result of being denied medical care following "numerous head, face fracture injuries, hand, mouth, nose injuries, shoulder injuries, in which resulted in emergency hospitalization in the Ohio State University Medical Center").

4

strikes" provision in § 1915(g) for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Accordingly, plaintiff/appellant is not entitled to proceed on appeal without paying the filing fee. It is therefore **RECOMMENDED** that plaintiff/appellant's motions for leave to proceed *in forma pauperis* on appeal (Doc. 47, 48, 52, 53) be **DENIED** and that plaintiff/appellant be assessed the appellate filing fee and be given thirty days within which to pay it.

**IT IS SO RECOMMENDED.**

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,            Case No. 1:17-cv-95
    Plaintiff,

                                     Dlott, J.
vs.                                  Bowman, M.J.

WARDEN RON ERDOS, et. al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).